IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DOUGLAS WHEELER, *Plaintiff*, | CIVIL NO. 3:07CV00044 |
| v. | MEMORANDUM OPINION AND ORDER |
| CHRISTINA BISHOP, *Defendant*. | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's August 29, 2007 Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Accepting all allegations in Plaintiff's Complaint as true and drawing all reasonable inferences in his favor, I find that Plaintiff has pled facts sufficient to support a claim of fraud. Accordingly, I will deny Defendant's Motion to Dismiss.

## I. BACKGROUND

This case arises out of the sale of a horse named Canada Dry. Prior to purchasing Canada Dry from Defendant, Plaintiff had a licensed veterinarian conduct a pre-purchase examination of the horse, the results of which Plaintiff reviewed and accepted. Subsequently, on May 15, 2006, Plaintiff entered into an "as is" contract to purchase Canada Dry from Defendant for one-hundred and seventy-five thousand dollars ($175,000.00). Plaintiff did so with the intent that the horse would compete in shows as a "hunter/jumper."

Plaintiff alleges in his Complaint that Defendant intentionally and fraudulently failed to disclose that Canada Dry had a particular predisposition and habit of suddenly lowering its

shoulder and bucking the rider after a jump, particularly the last jump. Plaintiff alleges that Defendant and others were bucked in this fashion prior to the sale, but Defendant intentionally concealed these facts because she knew that disclosure would prevent the sale of Canada Dry. According to Plaintiff, Canada Dry is virtually worthless because of its dangerous tendency.

On May 29, 2007, Plaintiff filed suit in Virginia state court seeking equitable rescission of the sale and compensatory and punitive damages. Following removal of the case to this Court on August 29, 2007, Defendant filed a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted. Defendant's motion also argues that under Rule 9(b), Plaintiff has not alleged facts with sufficient particularity to sustain a claim of fraud.

## II. STANDARD OF REVIEW.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original omitted) (citations omitted) (internal quotation marks omitted). Instead, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at

1965 (citations omitted). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"; plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Id.* at 1974. As the Fourth Circuit has held, a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006).

Under Federal Rule of Civil Procedure 9(b), however, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." "Although a purpose of Rule 9(b) is to provide detailed notice of the circumstances constituting fraud, not every alleged misrepresentation need appear in the pleadings. A claimant is required to set forth only the major misrepresentations or omissions upon which the fraud claims are based." 2 James Wm. Moore, *Moore's Federal Practice* § 9.03[1][a] (3d ed. 1997) (citations omitted).

### III. DISCUSSION

*A. Rule 12(b)(6)*

Defendant relies on the doctrine of caveat emptor ("let the buyer beware") to support her Rule 12(b)(6) motion. In Virginia, the doctrine of caveat emptor is as follows:

> Where ordinary care and prudence are sufficient for full protection, it is the duty of the party to make use of them. Therefore, if false representations are made regarding matters of fact, and the means of knowledge are at hand and equally available to both parties, and the party, instead of resorting to them, sees fit to trust himself in the hands of one whose interest it is to mislead him, the law, in general, will leave him where he has been placed by his own imprudent confidence.
> And it is also true that if a purchaser is given or secures information as to the condition of the property such as would excite the suspicions of a reasonably prudent man, he is then under a duty to ascertain the true condition for himself and cannot rely upon the representations of the vendor.

- 3 -
Case 3:07-cv-00044-NKM-BWC   Document 20   Filed 01/08/08   Page 3 of 7   Pageid#: 125

*Horner v. Ahern*, 153 S.E.2d 216, 219 (Va. 1967) (citations omitted) (internal quotation marks omitted). Defendant argues that Plaintiff purchased Canada Dry "as is" without any warranties, and that the doctrine of caveat emptor therefore applies.

However, "[a] buyer can show that a contract of sale was induced by the seller's fraud, notwithstanding the fact the sale was made 'as is.'" *George Robberecht Seafood, Inc. v. Maitland Bros.*, 255 S.E.2d 682, 683 (Va. 1979). As the Virginia Supreme Court has explained, "The express warranty, which purports to be 'in lieu of all other warranties' does not render the seller immune from fraud that induced the contract. The warranty stands no higher than the contract which is vitiated by the fraud." *Id.* (quoting *Packard Norfolk v. Miller*, 95 S.E.2d 207, 213 (Va. 1956). Therefore, "a vendor who procures the sale by fraudulent representations may not invoke the doctrine of *caveat emptor*. '[I]n Virginia, one cannot, by fraud and deceit, induce another to enter into a contract to his disadvantage, then escape liability by saying that the party to whom the misrepresentation was made was negligent in failing to learn the truth.'" *Boykin v. Hermitage Realty*, 360 S.E.2d 177, 179 (Va. 1987) (quoting *Nationwide Ins. Co. v. Patterson*, 331 S.E.2d 490, 492 (Va. 1985)). Although a purchaser has a duty to investigate if he has information that would excite the suspicions of a reasonable person, "the seller 'must not say or do anything to throw the purchaser off guard or to divert him from making the inquiries and examination which a prudent man ought to make.'" *Armentrout v. French*, 258 S.E.2d 519, 524 (Va. 1979) (quoting *Horner*, 153 S.E.2d at 219).

Plaintiff argues that he had no knowledge of any facts that should have raised his suspicions about Canada Dry's dangerous propensity. Plaintiff additionally argues that Defendant engaged in behavior that would have diverted such suspicions. As alleged in his Complaint, this behavior included Defendant's numerous conversations with Plaintiff and his

agents about Canada Dry's demeanor, ability, tendencies, and performance in the show ring, without any mention or disclosure of any dangerous habits. Plaintiff further asserts that no veterinary or other examination of Canada Dry could have revealed its latent propensity.

Under *Bank of Montreal v. Signet Bank*, 193 F.3d 818 (4th Cir. 1999), a duty to disclose material facts exists when "the one concealing has superior knowledge and knows the other is acting upon the assumption that the fact does not exist." *Id.* at 829. When such a duty exists, concealment of material facts "may be the equivalent of false representation, because concealment always involves deliberate nondisclosure designed to prevent another from learning the truth." *Van Deusen v. Snead*, 441 S.E.2d 207, 209 (Va. 1994). Moreover, "a contracting party's willful nondisclosure of a material fact that he knows is unknown to the other party may evince intent to practice actual fraud." *Id.* "If a party conceals a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, the concealment is as much fraud as if the existence of the fact were expressly denied, or the reverse of it expressly stated." *Id.* at 209–10.

Plaintiff alleges in his Complaint that Defendant knowingly and intentionally failed to disclose Canada Dry's dangerous propensity or any of the prior incidents of riders being thrown despite numerous conversations with Defendant about Canada Dry's demeanor, ability, tendencies, and performance in the show ring. Plaintiff further alleges that Defendant knew Plaintiff was buying Canada Dry for the express purpose of having the horse compete in shows as a "hunter/jumper." Plaintiff also alleges that Defendant knew that Canada Dry's dangerous propensity made him unmarketable and worthless, and that Defendant intentionally concealed this dangerous propensity. Finally, Plaintiff alleges that he relied on Defendant's fraudulent nondisclosure, which induced him to purchase an essentially worthless horse for $175,000.

Thus, Plaintiff has pled facts sufficient to state a claim under Rule 12(b)(6), and Defendant's Rule 12(b)(6) motion must therefore be denied.

*B. Rule 9(b)*

Defendant also argues that the Plaintiff has pled only generalized, nonspecific allegations of fraud that are insufficient to satisfy the pleading requirements of Rule 9(b). "In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, where the omitted facts should have been stated, and the way in which the omitted facts made the representations misleading." 2 Moore, *supra*, § 9.03[1][b] (citations omitted); *see also Chrysler Credit Corp. v. Whitney Nat. Bank*, 824 F. Supp. 587, 598 (E.D. La. 1993) (stating that a plaintiff alleging fraud by silence must allege "(1) the information that was withheld, (2) the general time period during which the fraudulent conduct occurred, (3) the relationship giving rise to the duty to speak, and (4) what the person or entity engaged in the fraudulent conduct gained by withholding the information").

Plaintiff has alleged in his Complaint that prior to the sale of Canada Dry: (1) Defendant was thrown off Canada Dry in a show due to Canada Dry suddenly ducking his head and bucking her after a jump; (2) Defendant knew of other occasions where riders were thrown in this same fashion; (3) Defendant knew of Canada Dry's dangerous propensity "for suddenly ducking his head and bucking the rider after the final jump" in shows; (4) Plaintiff and his agents had numerous conversations with Defendant about Canada Dry's demeanor, ability, tendencies, and performance in the show ring, and Defendant knowingly and intentionally failed to disclose Canada Dry's dangerous propensity or any of the prior incidents; (5) Defendant gave instructions to Plaintiff and/or his agents about how to prepare Canada Dry to show while knowingly and intentionally failing to disclose Canada Dry's dangerous propensity or any of the prior incidents;

- 6 -

(6) Defendant knew Plaintiff was buying Canada Dry to compete in shows as a "hunter/jumper"; (7) Defendant knew that Canada Dry's propensity made him dangerous, unmarketable, and worthless, and intentionally concealed that dangerous propensity; (8) Plaintiff relied to his detriment on Defendant's nondisclosure by purchasing the horse for $175,000; and (9) one of Plaintiff riders was significantly injured as a result of Canada Dry's dangerous propensity.

Accepting these allegations as true and drawing all reasonable inferences in favor of Plaintiff, it is evident that Plaintiff has sufficiently pled the type of facts omitted, where and when the omitted facts should have been stated, the way in which the omitted facts made the representations misleading, what Defendant gained by withholding the omitted facts, and the relationship giving rise to the duty to speak. Thus, Plaintiff has pled facts sufficient to state a claim for fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

## CONCLUSION

For the foregoing reasons, I find that Plaintiff has pled facts sufficient to state a claim for fraud and with the requisite particularity. Accordingly, Defendant's Motion to Dismiss (docket entry no. 4) is hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

Date: Jan. 8, 2008